## Shirey v. Shirey

*Thomas E. Sterling,* for plaintiff.
*Virginia B. Eisenstein,* for defendant.

BROWN, *P.J.,* February 3, 1982—

## FACTUAL BACKGROUND

This matter comes before the court upon plaintiff's motion to proceed under the Divorce Code of 1980, 23 P.S. § 101 et seq.

This divorce action was instituted in February, 1970, under the Divorce Code of 1929, Act of May 2, 1929, P.L. 1237, 23 P.S. § 1 et seq., alleging fault as the grounds for the divorce. On May 29, 1981, this court granted plaintiff an ex parte order permitting him to proceed under the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq. This ex parte order was rescinded by the court on September 3, 1981, following objections and exceptions filed by defendant.

This court, in its opinion accompanying the order to rescind, expressed concern over the wisdom of exercising jurisdiction over the attendant property claims raised in the complaint under the Divorce Code of 1980. We recognized that most, if not all, of the marital property was located outside the Commonwealth of Pennsylvania. Further, Centre County has never been the marital home of the parties. At the time of the ex parte order, plaintiff was a resident of West Virginia and had been a resident of that state for the proceeding six months. Defendant never resided in Pennsylvania.

Plaintiff now comes before this court requesting, again, permission to proceed under the new Divorce Code. This time he seeks to circumvent or distinguish the prior rescission order by asserting that no property claims will be alleged in the new

divorce complaint. Therefore, according to plaintiff, the concern about jurisdiction over the property claims is not relevant to the court's decision on the motion.

## DISCUSSION

Plaintiff asserts that he should be granted permission to proceed under the new Divorce Code for the purposes of obtaining a divorce only. He asserts that this would then remove the court's previous reason for denying the request to proceed under the Divorce Code of 1980. Plaintiff further states that allowing him to proceed as requested would further the express purpose of the new code—that of terminating dead marriages. Plaintiff and defendant have lived separate and apart since prior to the institution of the divorce action in February, 1970.

Plaintiff is not before us on a petition to bifurcate. Rather, he asks the court to ignore the economic aspects of a "no-fault" divorce and to grant a decree of divorce only. Such action would frustrate the express purpose of effectuating economic justice between the parties: 23 P.S. § 102(a)(6). The right to equitable distribution is a right incidental to obtaining a divorce under the new Divorce Code. If the right to equitable distribution is denied at the time of the divorce it will be forever lost since it arises only by virtue of the marriage and exists as a *marital* right in property acquired during the marriage.

Moreover, in this case, this court lacks jurisdiction over a cause of action pleaded under the Divorce Code of 1980. Section 302 of the act provides:

"No spouse shall be entitled to commence proceeding for divorce or annulment by virtue of this

act, unless at least one of the parties has been a bona fide resident in this Commonwealth for at least six months immediately previous to the filing of the complaint."

The statutory language is clear. In order to be allowed to proceed under the new Divorce Code, at least one of the parties must have been a bona fide resident of Pennsylvania six months prior to filing of the complaint under the new Divorce Code. Defendant Kay Shirey was never a resident of Pennsylvania. Plaintiff William Madison Shirey left Pennsylvania in September, 1979. Plaintiff petitioned this court to proceed under the Divorce Code of 1980 in May, 1981. He was not a bona fide resident for six months preceding his request to be allowed to file a complaint under the new Divorce Code.

This is especially significant and must be strictly applied. By proceeding under the new Divorce Code, plaintiff is not simply amending the complaint originally filed but is proceeding under a new cause of action. The Divorce Code of 1980 creates new rights and new claims under a new law that were previously nonexistent: Gordon v. Gordon, nos. 1902 and 2150, _____ Pa. Superior Ct. _____ (Phila., 1980).

Accordingly, plaintiff's motion must be denied.

## ORDER

And now, February 3, 1982, upon consideration of the foregoing motion to proceed under the Divorce Code of 1980, and after oral argument, said motion is denied.